UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DELISA HALE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:11-cv-277-WTL-DKL |
| ) | |
| SCOTT T. GANNON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ENTRY REGARDING PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY OF DR. GREGORY HALE

This cause is before the Court on the Plaintiff's motion to exclude the testimony of Dr. Gregory Hale (Dkt. no. 45). On September 5, 2012, this Court addressed parts of the Plaintiff's motion related to Dr. Hale's qualifications. The Court now addresses the Plaintiff's remaining objections regarding the timeliness of the Defendants' disclosures of Dr. Hale (Dkt. no. 92). The Court, being duly advised, now rules as follows.

### I. STANDARD

Pursuant to Federal Rule of Civil Procedure 26(a)(2), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. In addition, with respect to retained experts, a party must provide a detailed report containing, *inter alia*, a complete statement of all opinions the witness will express and the basis and reasons for them, as well as the facts or data considered by the witness in forming them. Fed. R. Civ. Pro. 26(a)(2)(B). A party must make its disclosures at the times and in the sequence that the court orders, Fed. R. Civ. Pro. 26(a)(2)(D), which in this district means a party must comply with the applicable deadlines set forth in the Case Management Plan entered in the case. In addition, a party that fails to provide information as required under this rule is not allowed

to use that information to supply evidence at trial. Fed. R. Civ. Pro. 37(c)(1).

The exclusion of non-disclosed evidence is automatic and mandatory unless the failure was substantially justified or harmless. *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012). A court may consider several factors when determining whether non-compliance with Rule 26(a) was harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.* (quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2012)).

## II. BACKGROUND

This action concerns an automobile accident that occurred on January 19, 2009, when the truck Plaintiff Delisa Hale was driving was struck by a truck driven by the Defendant Scott T. Gannon. Hale is alleged to have sustained permanent and severe injuries, including severe head injury, multiple orthopedic injuries, and brain injuries.

Pursuant to the Case Management Plan entered in this case (Dkt. no. 26), the parties established the following deadlines:

1. Plaintiff shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required under Fed. R. Civ. P. 26(a)(2)(B) on or before November 1, 2011.

2. Defendants shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required under Fed. R. Civ. P. 26(a)(2)(B) within 30 days after the Plaintiff serves its expert witness disclosure; or, if none, on or before December 1, 2011.

3. All discovery shall be completed by June 23, 2012.

On March 6, 2012, this Court continued the original April trial date to August 6, 2012. The Court further directed that "the current Case Management deadlines, other than the discovery cut

off, shall be extended commensurate with a new trial date and the Parties are hereby directed to amend their Case Management Plan within 14 days of this Order." (Dkt. no. 34). No amended case management plan was filed, although the Court did grant a joint motion to extend the deadline to challenge expert opinion testimony to July 5, 2012.

The Plaintiff was referred by Dr. Jeffries, a treating physician, to one of the Plaintiff's proffered experts, Dr. Lance Trexler, for treatment of her alleged traumatic brain injury in February 2012. The initial consultation with Dr. Trexler took place on March 27, 2012, and the doctor's evaluation was not complete until May 1, 2012. Plaintiff's counsel sent a "narrative report" from Dr. Trexler to defense counsel on May 8, 2012.

Also on May 8, 2012, the Defendants informally disclosed Dr. Gregory Hale as an expert witness. On May 10, 2012, the Defendants' counsel emailed the Plaintiff's counsel to advise that he would have Dr. Hale's report in "about 3-4 weeks." On July 5, 2012, the Plaintiff filed a motion in limine to exclude the testimony of Dr. Hale. On July 9, 2012, the Defendants designated Dr. Hale as a witness on their witness list. The Defendants also filed a motion for an independent medical examination on July 16, 2012. The Court initially took the motions under advisement.

On July 26, 2012, the Court rescheduled the trial for September 17, 2012, in response to numerous delays in discovery disclosures by both parties. On August 15, 2012, the Court set a hearing regarding the Plaintiff's motion to exclude Dr. Hale and ordered the Defendants to produce Dr. Hale's report to the Plaintiff and the Court at least three days before the hearing.

The Court denied the Defendants' request for an IME on August 16, 2012. Although Dr. Hale sent his completed report to defense counsel on July 29, 2012, his report indicates that he was awaiting the Court's ruling on the IME request. Dr. Hale explicitly qualified his report, indicating that his review was limited as he had not yet examined the Plaintiff.

On August 21, 2012, pursuant to the Court's order and well in advance of the August 29, 2012, *Daubert* hearing, the Defendants filed Dr. Hale's report.

### III. DISCUSSION

The Plaintiff now objects to the testimony of Dr. Hale, asserting that Dr. Hale should be precluded from testifying because the Defendants failed to disclosure Dr. Hale properly and within the appropriate time. Specifically, the Plaintiff contends that the Defendants' disclosures regarding Dr. Hale were not timely with respect to the Case Management Plan, the expert witness disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(D)(i), or the rebuttal witness disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(D)(ii). The Plaintiff also contends that the Defendants' late disclosures were substantively deficient, as they did not disclose all the information required by Federal Rule of Civil Procedure 26(a)(2)(B).

For their part, the Defendants skirt the issue, instead diverting attention to the Plaintiff's own untimely and deficient disclosures. The Court notes with growing disappointment the dilatory practices occurring on both sides of the aisle; however, contrary to the Defendants' representation, two wrongs do not make a right. A party may not excuse its own failure to make the proper timely disclosures because another party has failed to do so. *E.g.*, *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 954 (10th Cir. 2002).

While the Plaintiff and the Defendants quibble over designations – whether Dr. Hale is a witness for the Defendants' "case-in-chief" or a rebuttal witness – the nature of Dr. Hale as a witness is irrelevant; the Defendants have missed every possibly applicable deadline. The exclusion of Dr. Hale is thus automatic and mandatory unless the failure was substantially justified or harmless.

Here, however, the circumstances warrant a finding that the Defendants' failure was

indeed harmless. There is no surprise to the Plaintiff – she apparently knew enough about the doctor and his expected testimony to file a motion to exclude his testimony in early July. Furthermore, the brief accompanying that motion reveals that the Plaintiff already had the doctor's CV. There also does not appear to be any prejudice to the Plaintiff, as her motion regarding the doctor's qualifications and his report was fully addressed by the Court at its August 29, 2012, hearing. In addition, the *Daubert* hearing provided the Plaintiff ample opportunity to test the witness under oath.[1] The Defendants also represented at the *Daubert* hearing that the Plaintiff had since been provided the remaining outstanding disclosures. Finally, the Court notes that there is no evidence of bad faith, as it appears that the doctor was waiting to complete his report by conducting an IME.

## IV. CONCLUSION

For the reasons set forth above, the Plaintiff≠s motion in limine to exclude the testimony of Dr. Hale is **DENIED**.

SO ORDERED:   09/10/2012

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

---

[1] While a *Daubert* hearing does not necessarily provide the opportunity to test a witness's ultimate opinions, defense counsel elicited testimony from Dr. Hale as to his underlying opinions, as opposed to merely his methodology, thereby broadening the permissible scope of cross examination.