UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DELISA HALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:11-cv-277-WTL-DKL |
| | ) |
| SCOTT T. GANNON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ENTRY ON DEFENDANTS' SECOND MOTION IN LIMINE

Before the Court is the Defendants' Second Motion in Limine (Dkt. No. 83). The Plaintiff has not responded, and the time for doing so has now passed; therefore, the motion is ripe for ruling.

The Defendants seek to prohibit the Plaintiff and her attorney, agents, representatives, and witnesses from either directly or indirectly mentioning, suggesting, or referring to by way of voir dire, interrogation, evidence, argument, or attempting to convey to the jury in any manner, the death of the Plaintiff's pet as a result of the accident.

Pets are property and the loss of a pet is an economic loss. *Lachenman v. Stice*, 838 N.E.2d 451, 461 (Ind. App. 2005). Defendant Annette Holdings, Inc. d/b/a TMC Transportation, Inc. paid and settled the Plaintiff's claim for property damage in March 2009, and the Plaintiff's claims before this Court do not include a claim for property damage. According to the Defendants, since the Plaintiff has no claim for property damage, this evidence is irrelevant and is therefore inadmissible.

The Defendants' argument is well taken. Accordingly, the Defendants' second motion in limine is **GRANTED**.

The Court notes that the granting of a motion in limine is not a final ruling regarding the admissibility of the evidence at issue. Rather, it simply prohibits any party from eliciting testimony regarding or otherwise mentioning a particular issue during trial without first seeking leave of Court outside of the presence of the jury. Therefore, a party who wishes to elicit testimony or introduce evidence regarding a topic covered by a motion in limine that has been granted should request a sidebar conference during the appropriate point in the trial, at which time the Court will determine how best to proceed. Parties should always err on the side of caution and interpret rulings on motions in limine broadly, requesting sidebars before eliciting testimony or offering evidence that is even arguably covered by a ruling in limine and avoiding mention of such topics during voir dire, opening statements, and closing argument.

SO ORDERED:   09/11/2012

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.