UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DELISA HALE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Cause No. 1:11-cv-277-WTL-DKL |
| | ) |
| SCOTT T. GANNON, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## ENTRY ON DEFENDANTS' MOTION IN LIMINE

Before the Court is the Defendants' Motion in Limine (Dkt. No. 55). The motion is fully briefed, and the Court, being duly advised, now rules as follows.

The Plaintiff does not object to the Defendants' items 1, 2, 3, 5, 6, 7, and 8; accordingly, the Court summarily **GRANTS** the Defendants' motion with respect to these items.[1]

The Plaintiff does object, however, to the Defendants' item 4, entitled "Any Non-Disclosed Expert Opinion." Specifically, the Defendants seek to exclude the testimony of nondisclosed experts and preclude the Plaintiff's disclosed experts from testifying as to any opinions there were not disclosed to the Defendants. The Plaintiff interprets this to run afoul of Federal Rule of Evidence 703, which permits experts to rely on otherwise inadmissible facts or data, and Federal Rule of Evidence 705, which contemplates situations in which the testifying expert may be required to disclose the underlying facts or data on cross-examination. In reply, the Defendants clarify that their motion is not intended to prohibit the Plaintiff's experts from relying

---

[1] The Court notes that with respect to item 7, the parties have stipulated that the case will proceed under the doctrine of *respondeat superior*. See docket no. 106. Evidence regarding negligent hiring and retention is of no value where there is no factual question as to whether the employee was acting in the scope of his employment. *Tindall v. Enderle*, 162 N.E.2d 764, 767-68 (Ind. App. 1974).

on, and possibly testifying about on cross-examination, inadmissible evidence. Rather, the Defendants' motion seeks exactly what it says: the preclusion of nondisclosed experts and disclosed experts' nondisclosed testimony. As the exclusion of nondisclosed evidence is automatic and mandatory unless the failure was substantially justified or harmless, *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012), the Defendants' motion is well taken. However, to the extent that the Defendants' motion conflicts with the Court's prior rulings regarding Constance Brown, Dr. Lance Trexler, the Plaintiff's treating physicians, and Dr. Gregory Hale, the Defendants' motion is **DENIED**. In all other respects, the Defendants' motion is **GRANTED**.

The Court notes that the granting of a motion in limine is not a final ruling regarding the admissibility of the evidence at issue. Rather, it simply prohibits any party from eliciting testimony regarding or otherwise mentioning a particular issue during trial without first seeking leave of Court outside of the presence of the jury. Therefore, a party who wishes to elicit testimony or introduce evidence regarding a topic covered by a motion in limine that has been granted should request a sidebar conference during the appropriate point in the trial, at which time the Court will determine how best to proceed. Parties should always err on the side of caution and interpret rulings on motions in limine broadly, requesting sidebars before eliciting testimony or offering evidence that is even arguably covered by a ruling in limine and avoiding mention of such topics during voir dire, opening statements, and closing argument.

SO ORDERED:   09/11/2012

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.