UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DELISA HALE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | )   Cause No. 1:11-cv-277-WTL-DKL |
| | ) |
| SCOTT T. GANNON, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ENTRY ON PLAINTIFF'S MOTION IN LIMINE**

Before the Court is the Plaintiff's Motion in Limine (Dkt. No. 50). The motion is fully briefed, and the Court, being duly advised, now rules as follows.

The Defendants do not object to the Plaintiff's items 2 and 3; accordingly, the Court summarily **GRANTS** the Plaintiff's motion with respect to these items.

The Defendants do object, however, to the Plaintiff's items 1, 4, and 5. The Court addresses each item below.

### I.     Collateral Source Benefits

The Plaintiff seeks to exclude evidence that the Plaintiff has received or may receive in the future benefits of any kind or character from a collateral source, in accordance with Indiana statutory law. As the Defendants point out, the Indiana collateral source rule has been modified by the Indiana Supreme Court in *Stanley v. Walker*, 906 N.E.2d 852 (Ind. 2009). The Court rules consistent with the statute and *Stanley*.

Pursuant to Indiana Code § 34-44-1-2, "in a personal injury or wrongful death action, the court shall allow the admission into evidence of:

(1) proof of collateral source payments other than:

    (A) payments of life insurance or other death benefits; [or]

    (B) insurance benefits that the plaintiff or members of the plaintiff's family have paid for directly.

However, *Stanley* clarified that, given the current pricing scheme for medical services, "[t]o the extent . . . adjustments or accepted charges for medical services may be introduced into evidence without referencing insurance, they are allowed." 906 N.E.2d at 858. Therefore, to the extent that the Plaintiff's motion sweeps broader than the statute as modified by *Stanley*, the Plaintiff's motion in limine regarding collateral source benefits is **DENIED**. To the extent the Plaintiff's request is consistent with the statute and *Stanley*, it is **GRANTED**.

## II.    Pre-Existing Affliction or Condition

The Plaintiff next seeks to exclude any evidence of a pre-existing affliction or condition not supported by admissible expert medical opinion. According to the Plaintiff, the question of casual connection between an injury and a medical condition is a complicated question requiring the testimony of an expert witness. The Defendants did not conduct an independent medical examination of the Plaintiff, so the Plaintiff argues, and therefore the Defendant cannot possibly offer the requisite expert testimony as to causation.

However, as the Defendants point out, the Plaintiff ignores the fact that the Defendants may cross-examine the Plaintiff's own experts as to pre-existing medical conditions. Their ability to do so is not limited by their lack of independent medical testimony as to the existence of those pre-existing conditions; rather, their ability to do so is limited by the requirement that their questions have some reasonable basis, which could be derived absent an independent medical opinion.

Ultimately, the Plaintiff has the burden to establish the element of proximate cause connecting the accident to the alleged injury. Furthermore, in cases where a pre-existing condition may be in play, the defendant is liable only "for the extent to which his conduct has resulted in an aggravation of the pre-existing condition, and not for the condition as it was." It is the Plaintiff's burden to prove that the accident resulted in aggravation of the pre-existing condition.

For the reasons explained above, the Plaintiff's motion regarding pre-existing condition evidence is **DENIED**.

### III.    Attorney-Client Communications

Finally, the Plaintiff seeks to exclude attorney-client communications and all references to attorney-client communication that may be contained in records of the medical providers. The Defendant urges the Court to deny the Plaintiff's request because the privilege has been waived by way of production during discovery and the communications are relevant to the case.

The Court finds that the best way in which to address this issue is on a case-by-case basis. Accordingly, the motion is **TAKEN UNDER ADVISEMENT**. If a party wishes to elicit testimony or introduce evidence containing attorney-client communications or references to attorney-client communications, the party should first seek leave of court to do so outside the presence of the jury.

### IV.    CONCLUSION

The Plaintiff's motion in limine is **GRANTED** as to items 2 and 3. The motion is **GRANTED IN PART AND DENIED IN PART** as to item 1, **DENIED** as to item 4, and **TAKEN UNDER ADVISEMENT** as to item 5.

The Court notes that the granting of a motion in limine is not a final ruling regarding the admissibility of the evidence at issue. Rather, it simply prohibits any party from eliciting testimony

regarding or otherwise mentioning a particular issue during trial without first seeking leave of Court outside of the presence of the jury. Therefore, a party who wishes to elicit testimony or introduce evidence regarding a topic covered by a motion in limine that has been granted should request a sidebar conference during the appropriate point in the trial, at which time the Court will determine how best to proceed. Parties should always err on the side of caution and interpret rulings on motions in limine broadly, requesting sidebars before eliciting testimony or offering evidence that is even arguably covered by a ruling in limine and avoiding mention of such topics during voir dire, opening statements, and closing argument.

SO ORDERED: 09/12/2012

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.